IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ellen F. Cartee, | ) | C/A No. 3:09-1974-JFA-PJG |
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| Wilbur Smith Associates, Inc., | ) | |
| Defendant. | ) | |

The plaintiff, Ellen F. Cartee ("Cartee"), brings this employment discrimination action alleging violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII") as well as a state law breach of contract claim.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the motion of the defendant, Wilbur Smith Associates ("Wilbur Smith"), to dismiss the Complaint. (Docket Entry 6.)

**BACKGROUND**

Viewed in the light most favorable to Cartee, the following facts appear pertinent to the resolution of the defendant's motion. Cartee was employed as a graphic designer for Wilbur Smith, an engineering firm, from 2001 until her termination in 2007. In 2006, Jamie Powell became the supervisor of the newly restructured Carolinas Marketing and Proposal Services Team, of which Cartee was a member. In 2006, Cartee, then in her late forties, began receiving negative evaluations

---

[1] Cartee also filed a separate action, also currently pending before the court, alleging age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and a state law breach of contract claim based on the same handbook language as the one asserted here. See C/A No. 3:08-4132-JFA-PJG.



in spite of her demonstrated artistic performance. Cartee complained to management. In 2007, Wilbur Smith terminated Cartee's employment on the stated ground of excessive tardiness.

In July 2008, Cartee filed an administrative charge of discrimination based on age and retaliation with the South Carolina Human Affairs Commission. In September 2008, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue and Cartee filed Civil Action No. 3:08-4132-JFA-PJG, which raises those claims. On April 1, 2009, Cartee filed a charge with the state Human Affairs Commission claiming sex discrimination and alleging that she learned on July 11, 2008 that her termination was based on her sex. This charge was dismissed as untimely on its face. On April 29, 2009, Cartee filed another charge of sex discrimination with the EEOC. On April 30, 2009, the EEOC issued a Notice of Right to Sue indicating that EEOC "determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge." (See Docket Entry 6-4 at 2.) On July 27, 2009, Cartee filed the instant matter.

## DISCUSSION

**A.      Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the



factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

**B.      Requirement of Timely Exhaustion of Administrative Remedies**

"Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the EEOC." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000); see also 42 U.S.C. § 2000e-5(f)(1). In South Carolina, the charge must be filed within 300 days after an "alleged unlawful employment practice" occurred. 42 U.S.C. § 2000e-5(c), (e); Jones v. Calvert Group, Ltd., 551 F.3d 297 (4th Cir. 2009). "[The timely filing of a charge] is mandatory: a violation not made the subject of a timely charge is 'the legal equivalent of a discriminatory act which occurred before the statute was passed' and is 'merely an unfortunate event in history which has no present legal consequences.' " Venkatraman v. REI Systems, Inc., 417 F.3d 418, 420 (4th Cir. 2005) (quoting United Air Lines v. Evans, 431 U.S. 553, 558 (1977)). The failure to file a timely charge with the EEOC bars the claim in federal court. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir. 1994) ("When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court."). However, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).

**C. Timeliness of Cartee's Gender Discrimination Charge**

Cartee does not contest that her charge asserting gender discrimination, which was filed on April 29, 2009 ("EEOC Charge"), was filed more than 300 days after her termination date.[2] She argues that her EEOC Charge was nonetheless timely based upon (1) her contention that she did not discover the facts supporting her gender discrimination claim until well after her termination date; and (2) equitable tolling.

**1. The Discovery Rule**

This case raises the unsettled question of whether the "discovery rule" applies to the timeliness requirement of Title VII. The United States Supreme Court has expressly not addressed this question. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002). In Morgan, the Supreme Court was confronted with the question of "whether, and under what circumstances, a Title VII plaintiff may file suit on events that fall outside [the] statutory time period." Id. at 105. The Supreme Court interpreted the critical sentence: "A charge under this section *shall be filed* within [300] days *after the alleged unlawful employment practice occurred*." Morgan, 536 U.S. at 109 (quoting 42 U.S.C. § 2000e-5(e)(1)) (emphasis in original). It emphasized that the word " '[s]hall' makes the act of filing a charge within the specified time period mandatory," id., relying on prior precedent stating that the word " 'shall' normally creates an obligation impervious to judicial discretion." Id. (quoting Lexecon Inc. v. Milberg Weiss Bershad & Lerach, 523 U.S. 26, 35 (1998)). In answering the question regarding how to determine when an unlawful employment practice "occurred" within the meaning of the statute, the Court found that the answer varies according to whether the unlawful employment practice at issue was a discrete act or a hostile work environment.

---

[2] Cartee does not appear to dispute the untimeliness of her April 1, 2009 charge.



See id. at 110. With regard to discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire, the Court held that the act occurs on the day it happens. Id. at 110, 113-14.

In resolving the question presented in Morgan, the Supreme Court observed,

> There may be circumstances where it will be difficult to determine when the time period should begin to run. One issue that may raise in such circumstances is whether the time begins to run when the injury occurs as opposed to when the injury reasonably should have been discovered. But this case presents no occasion to resolve that issue.

Morgan, 536 U.S. at 115 n.7; see also id. at 123 (agreeing with the majority that the issue of the discovery rule need not be resolved but expressing the opinion that "some version" of the discovery rule applies to discrete act claims) (O'Connor, dissenting). By contrast, in an *en banc* opinion pre-dating Morgan, the United States Court of Appeals for the Fourth Circuit squarely addressed a similar question to the one raised here. Hamilton v. 1st Source Bank, 928 F.2d 86 (4th Cir. 1990) (*en banc*). Although the Hamilton Court did not answer the precise question presented in the instant case—that is, whether the discovery rule applies to Title VII's statutory deadline, it held that the discovery rule does *not* apply to the ADEA's timeliness requirement, the language of which, it noted, precisely mirrors Title VII's. Hamilton, 928 F.2d at 88 n.1. Although Title VII jurisprudence is not always interchangeable with that of the ADEA, when the language of the two statutes is the same, courts have interpreted them in the same manner. Compare Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756 (1979) (construing a provision of the ADEA that was "almost *in haec verba* with" a provision of Title VII to reflect judicial constructions of the Title VII provision); Haavistola v. Community Fire Co. of Rising Sun, Inc., 6 F.3d 211, 220 (4th Cir. 1993) ("Although we were construing the definitions of "employee" and "employer" under the [ADEA], the operative language in ADEA is identical to the operative language in Title VII, so the analysis utilized under either act

is interchangeable.") with Gross v. FBL Fin. Servs., Inc., 129 S. Ct. 2343 (2009) ("Because Title VII is materially different with respect to the relevant burden of persuasion, however, [Title VII] decisions do not control our construction of the ADEA."); see also Spagnuolo v. Whirlpool Corp. 717 F.2d 114, 120 (4th Cir. 1983) (observing that analogies between ADEA and Title VII will not always be appropriate but concluding that the similarities between the language of the provisions authorizing equitable relief in ADEA and Title VII and the congruence of purpose behind the equitable relief make appropriate the application of the teachings of Title VII reinstatement cases to ADEA reinstatement questions).

In fact, in concluding that the discovery rule did not apply to the ADEA, the Hamilton Court relied on Title VII decisions regarding timeliness. See Deleware State College v. Ricks, 449 U.S. 250 (1980); Lorance v. AT&T Tech., Inc., 490 U.S. 900 (1989) (superseded by statute, 42 U.S.C. § 2000e-5(e)). Further, in Felty v. Graves-Humphreys Co., 785 F.2d 516 (4th Cir. 1986), which was an ADEA timeliness case relied on in Hamilton, the Fourth Circuit cited to Ricks—a Title VII case. The Felty Court held that " 'lack of knowledge of the discriminatory nature of an employment decision and the reasons for that lack of knowledge . . . play no part in determining the beginning of the statutory limitation period.' " Felty, 785 F.2d at 519 (quoted in Hamilton, 928 F.2d at 89).

Faced with the Fourth Circuit's *en banc* holding in Hamilton and the identity of the language between Title VII and the ADEA regarding the timeliness of an administrative charge, the court finds, despite the dicta of Morgan, that the precedent of this circuit compels the conclusion that the discovery rule cannot be used to assert a Title VII claim when the administrative charge was filed more than 300 days after the discrete act of termination occurred.

*PJG*

2. **Equitable Tolling**

It is well settled that Title VII's statutory deadline is subject to the doctrine of equitable tolling. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding that the *timely* filing of a "charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling").[3] Cartee argues that even if the discovery rule does not apply to her administrative charge asserting a Title VII violation, the deadline should nonetheless be tolled because Powell hid from Cartee (and Wilbur Smith) his alleged sexual harassment of the younger women employees under his supervision.

Generally, to warrant equitable tolling of a statutory deadline, a plaintiff must show: "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). In the employment context, courts have held that equitable tolling applies "where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987) (ADEA).

Cartee cannot meet these requirements. She has not diligently pursued her rights, as she admittedly learned of the facts supporting her gender discrimination claim within 300 days of her termination date but waited another 292 days[4] to file a charge with the EEOC. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (observing that equitable tolling is not appropriate where

---

[3] Cartee makes no argument of waiver or estoppel here.

[4] This calculation uses the April 29 charge date. Even if the April 1 charge were considered, Cartee still waited over eight months to act on this knowledge.

the plaintiff failed to exercise due diligence); English, 828 F.2d at 1050 (suggesting that a plaintiff who waited six months to file a charge after learning that the defendants had hired a younger man allegedly to replace him had not diligently pursued his rights). Moreover, her contention that tolling is warranted because Jamie Powell "concealed" his alleged sexual harassment of other female employees from both Cartee and Wilbur Smith is a strained one. Tolling the deadline based on the failure of a supervisor to affirmatively confess his unlawful treatment of employees other than the plaintiff would create an exception that wholly swallows the rule, as supervisors such as the one alleged here are seldom likely to advertise their misconduct to other employees and management. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) (observing in a Title VII setting that the equitable doctrines of tolling and estoppel are to be applied sparingly). On these facts, the court finds that equitable tolling is not appropriate.

**D.     Breach of Contract Claim**

Cartee's breach of contract claim in this matter is virtually identical to her breach of contract claim asserted in Civil Action No. 3:08-4132-JFA-PJG. For the same reasons discussed in the Report and Recommendation in Civil Action No. 3:08-4132-JFA-PJG issued contemporaneously herewith, the court recommends dismissing this cause of action.

PJG

## RECOMMENDATION

Cartee's charge relating to gender discrimination was admittedly filed more than 300 days after the date of her termination, the discrete adverse employment act which she alleges. Fourth Circuit precedent compels the conclusion that the discovery rule should not be applied in this case, and Cartee has not alleged facts sufficient to warrant equitable tolling of the statutory deadline. Moreover, the breach of contract claim as alleged in the Complaint fails as a matter of state law. Accordingly, the court recommends that the defendants' motion to dismiss (Docket Entry 6) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 3, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).