IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ellen F. Cartee, | ) | C/A No.: 3:09-1974-JFA-PJG |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Wilbur Smith Associates, Inc., | ) | |
| Defendant. | ) | |

This matter is before the court for review of the Magistrate Judge's report and recommendation ("Report") on defendant Wilbur Smith Associates, Inc.'s ("Wilbur Smith") motion to dismiss plaintiff Ellen F. Cartee's ("Cartee") complaint alleging claims of sex discrimination and breach of contract, made in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g) (D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

I.      Factual and Procedural History

Plaintiff Ellen F. Cartee ("Cartee") began employment as a graphic designer with defendant Wilbur Smith Associates, Inc., ("Wilbur Smith") in its Columbia, South Carolina office on or about August 6, 2001, when Cartee was forty three years old. The complaint indicates that Cartee received numerous commendations and accolades between August 2001 and July 2006. (Compl. ¶¶ 16–24.) However, on July 22, 2006, Cartee's original supervisor was replaced by Jamie Powell ("Powell") and performance reviews turned sharply critical of her work product. (Compl. ¶ 32.) On August 12, 2007, Cartee approached Powell and Wilbur Smith's human resources department to discuss what Cartee alleges was Powell's discriminatory treatment of her. On October 9, 2007, Powell issued Cartee a "final warning," containing allegations of poor job performance. (Compl. ¶ 43.)

Wilbur Smith terminated Cartee, then forty seven, on December 7, 2007, for excessive tardiness. Cartee thereafter filed a Charge of Discrimination based on Age and Retaliation ("Age Charge") against Wilbur Smith with the South Carolina Human Affairs Commission ("SCHAC") on May 21, 2008. SCHAC transferred the Age Charge to the Greenville District Office of the Equal employment Opportunity Commission, who closed the file and issued a notice of right to sue on September 25, 2008. The Age Charge is currently pending in a companion suit to the case at present. See Cartee v. Wilbur Smith Assoc., Inc., C/A No.: 3:08-4132-JFA-PJG (filed Dec. 24, 2008).

On April 1, 2009, after filing suit pursuant to the Age Charge, Cartee filed a charge with the SHAC alleging sex discrimination. However, SHAC dismissed the April 1 charge as untimely. On April 29, 2009, Cartee filed another charge of sex discrimination with the EEOC and was issued a notice of right to sue on April 30, 2009. On July 27, 2009, Cartee filed the instant case alleging sex discrimination pursuant to Title VII and breach of contract. Wilbur Smith thereafter moved to dismiss the complaint. The Magistrate Judge filed a detailed and comprehensive Report recommending that the court grant Wilbur Smith's motion to dismiss. The Report also advised Cartee of her right to object to specific portions of the Report and advised her of the consequences of her failure to do so.

II.    Discussion and Conclusion

Cartee has failed to object to the Report's recommendation that the court dismiss her Title VII and breach of contract claims. In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Accordingly, the court finds the Magistrate Judge's Report comprehensive, thorough, and soundly reasoned, and the record reveals no specific objections to the Report by either party. Accordingly, the court adopts the Report in full. See Wallace, 791 F. Supp. at 138. Cartee's claims for sexual discrimination pursuant to Title VII and for breach of contract are dismissed.[1]

---

[1] The court conferred with both parties concerning the identity of the breach of contract claims between Cartee's two related cases pending before the court and Cartee indicated that the breach of contract claims were identical. At the court's suggestion, the parties consented to dropping the breach of contract claim from this case and to address the claim in the companion case. See Cartee v. Wilbur

IT IS SO ORDERED.

                                                                                                   /s/ Joseph F. Anderson, Jr.

March 22, 2010                                                        Joseph F. Anderson, Jr.
Columbia, South Carolina                                    United States District Judge

---

Smith, 3:08-4132-JFA-PJG (filed Dec. 24, 2008).